IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SIMONE CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:23-CV-00028-SDJ-CAN |
| v. | § | |
| | § | |
| NATIONAL CREDIT SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On January 11, 2023, *pro se* Plaintiff Simone Chambers ("Plaintiff") filed a Complaint in the Eastern District of Texas [Dkt. 1]. On that same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 2]. On January 23, 2023, the Court denied Plaintiff's Application and directed Plaintiff to submit the "filing fee of $402.00 to the Clerk of Court within thirty days of the Order [Dkt. 4 at 2]. Eastern District Local Rule CV-4 provides that, "the clerk [of court] is required to collect the filing fee authorized by federal statute before accepting a complaint for filing." The Court expressly warned Plaintiff that "[f]ailure to pay the filing fee within thirty days may result in a dismissal of Plaintiff's complaint" [Dkt. 4 at 2]. Plaintiff acknowledged receipt of the Court's January 23 Order on February 3, 2023; however, no filing fee was paid [Dkt. 7]. On February 8, 2023, the Court provided Plaintiff an additional opportunity to pay the filing fee [Dkt. 8]. The Court again warned Plaintiff that "[f]ailure to pay the requisite filing fee on or before [the required] date may result in a dismissal of this cause" [Dkt. 8 at 2]. Plaintiff acknowledged receipt of the Court's February 8 Order on February 21, 2023 [Dkt. 9]. To date, Plaintiff has failed to pay the filing fee. It is Plaintiff's responsibility to pay the

REPORT AND RECOMMENDATION – Page 1

required filing fee. Plaintiff has failed to prosecute this case in compliance with the Court's Order. *See* Fed. R. Civ. P. 41(b).

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'"). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam).

In the present case, Plaintiff has failed to comply with the Court's Order requiring payment of the filing fee [Dkts. 4; 8]. Plaintiff's failure prevents this action from proceeding. Thus, the present case should be dismissed. *See Munoz v. Wenone, Inc.,* No. 3:21-CV-1049-L-BN, 2021 WL 4312635 (N.D. Tex. Aug. 17, 2021) (recommending dismissal under Rule 41 where plaintiff failed to pay filing fee); *Moore v. Tex. Workforce Comm'n*, No. DR-20-CV-046-AM, 2021 WL

2953689, *1 (W.D. Tex. Mar. 8, 2021) (after defendant moved to dismiss action, court directed payment of the filing fee and thereafter recommended dismissal for failure to pay same); *Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed"), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020).[1]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the filing fee Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE